(No. 75-CV-5-▮▮▮▮▮

IN RE APPLICATION OF MICHAEL CIBULA.

*Opinion filed February 14, 1977.*

MICHAEL CIBULA, Pro Se.

WILLIAM J. SCOTT, Attorney General of Illinois; LEONARD CAHNMANN, Assistant Attorney General.

PER CURIAM.

Claimant seeks compensation for alleged medical and hospital bills incurred which claim was submitted pursuant to the provisions of the "Crime Victims Compensation Act," Ill.Rev.Stat., 1973, Chapter 70, Section 70, 71, et seq. (hereafter referred to as the "Act").

Evidence was taken by the Court at a hearing conducted by Martin C. Ashman, a Commissioner of this Court.

The only issue presented was whether the Claimant cooperated with the police as required by the Act.

The parties stipulated that on January 17, 1974, at approximately 6 o'clock p.m., the Claimant, Michael J. Cibula, was coming home from work. On his way home, he stopped off at a tavern and had a few drinks. Claimant then left the tavern and began walking home. While walking he was stopped by three men at 700 North Pulaski Road, Chicago, Illinois. The men asked the Claimant for money. When the Claimant told the men he had no money, one of the men shot him the abdomen. Claimant then continued to walk to his home at 3960 W. Ontario, Chicago, Illinois. When he got home, the Claimant's brother called the police. The police arrived and transported the Claimant to St. Anne's Hospital, 4950 West Thomas Street, Chicago, Illinois.

Surgery was performed on the Claimant by Dr. R. Gipps. Final diagnosis was gunshot wound of the abdomen, right plural cavity, with right hemothorax and liver injury. Claimant was discharged from the hospital on January 26, 1974, and followup was done on an outpatient basis.

Officer Steven Barnas of Area 4 Homicide, Chicago

Police Department, testified that he was assigned to the Cibula case. He went to the hospital and observed the Claimant while the Claimant was in the emergency room. The Claimant was obviously intoxicated. The Claimant gave the officer an oral statement and then was taken to surgery.

About a week or ten days later the officer asked the Claimant to come into the station and view photos of possible suspects and the Claimant said that he didn't remember anybody and had been intoxicated at the time of the incident and would therefore not go to the police station.

The Claimant testified that just prior to the crime the Claimant had drunk six or eight bottles of beer and "a couple" of shots of whiskey.

He testified that while in intensive care the police asked him to view photos and he told the police that it was no use because he couldn't recognize anybody by reason of his intoxication, the darkness of the area, and the fact that he had been taken by surprise. He therefore felt that he would not be able to pick the assailant out of any photos and would not go to the police station to view them.

All the evidence was to the effect that at the time of the crime the Claimant had been intoxicated. The Claimant was consistent in his statements to the police and in his testimony that he was unable to recognize any one of his assailants mostly because of his intoxication.

The law is well settled that no one is required by the law to do a useless act. It is apparent that viewing photos, under the circumstances, would have been a useless act. Therefore, the Claimant's failure to do so cannot, in the opinion of this Court, be construed as a lack of cooperation.

The Court, therefore, finds as follows:

1. That the Claimant, Michael Cibula, age 54, was a victim of a violent crime, as defined in Section 2(c) of the Act, to wit: "Aggravated Battery", (Ill.Rev.Stat., 1973, Chap. 38, § 12-4).

2. That there is no evidence of any provocation by the Claimant for the attack upon him.

3. That the Claimant and his assailants were not related and sharing the same household.

4. That the Claimant cooperated with the police authorities to the extent sufficient under the Act.

5. That the Claimant received sick pay for the period of time that he was out of work and therefore makes no claim for any loss of earnings.

6. That the Claimant incurred hospital and medical expenses as follows:

| | |
|---|---|
| Hospital | $2,055.20 |
| Medical | 890.00 |
| TOTAL: | $2,945.20 |

7. That no evidence was presented to indicate that the Claimant has received or will recover any benefits from other sources as a result of his injury.

8. That in determining the amount of compensation to which a Claimant is entitled § 7(d) of the Act states that this Court—

(d) shall deduct $200.00 plus the amount of benefits, payments or awards, payable under the Workmens Compensation Act, or from local governmental, State or Federal funds or from any other source, . . .

That after the statutory deduction of $200.00 the amount of compensation to which the Claimant is entitled is $2,745.20.

It Is Hereby Ordered that the sum of $2,745.20 be awarded to the Claimant, Michael J. Cibula, the innocent

victim of a violent crime, and to the extent allowed by law the said sum shall be paid.